Andrew Lewinter
OSB # 080031
Andrew Lewinter, Attorney, P.C.
132 E. Broadway, Suite 821
Eugene, OR 97401
Telephone: (541) 686-4900
Facsimile: (541) 686-1300
andrew@lewinterlaw.com

Attorney for Plaintiff Jennifer Ketner

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **JENNIFER KETNER,**<br><br>Plaintiff**,**<br><br>v.<br><br>**HOLIDAY AL MANAGEMENT SUB, LLC,** and **HARVEST MANAGEMENT SUB, LLC,** both organizations doing business as **HOLIDAY RETIREMENT,**<br><br>Defendants**.** | Case No.:  6:20-cv-001290<br><br>**COMPLAINT**<br>(Sexual Harassment: 42 U.S.C. § 2000e-2; Retaliation: 42 U.S.C. § 2000e-3; ORS 659A.030; ORS 659A.030(1)(f))<br><br>DEMAND FOR JURY TRIAL |

**INTRODUCTION**

1.

This action is brought on behalf of Plaintiff Jennifer Ketner for sexual harassment, in violation of 42 U.S.C. § 2000e-2, retaliation for complaining about that sexual harassment, in violation of 42 U.S.C. § 2000e-3, and analogous Oregon laws, ORS 659A.030(1)(b) and ORS 659A.030(1)(f).

///

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331, 42 U.S.C. § 2000e-5(f)(3), and 42 U.S.C. § 1988. This Court has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367(a).

3.

Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this complaint occurred in Lane County, Oregon.

4.

Costs and reasonable attorney fees may be awarded pursuant to 42 U.S.C. § 2000e-5(k), 42 U.S.C. § 1988, Fed. R. Civ. P. 54(d), and ORS 659A.885 on all claims described herein.

## PARTIES

5.

Plaintiff Jennifer Ketner ("Ms. Ketner") is a citizen of Oregon and a resident of Lane County. Ms. Ketner was employed by Defendants in Defendant's senior living center from January 8th, 2018 until Defendants discharged her on August 31st, 2019. During that time, Ms. Ketner held several positions, including server, front desk, kitchen staff, and housekeeping.

6.

Defendants own and operate a senior living center in Eugene, Oregon known as Sheldon Oaks. Defendants are limited liability companies organized under the laws of Delaware that acted as Ms. Ketner's joint employer during her tenure of employment. Whether considering each Defendant individually or jointly, Defendants employed 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

## FACTS

7.

During Ms. Ketner's employment, Sheldon Oaks' General Manager, James Newman, regularly touched Ms. Ketner's body inappropriately: under her breasts, her hips, and her face. Ms. Ketner would regularly ask him to stop, but he often continued. Ms. Ketner gave him a look and walked away after he did that. Ms. Ketner was very nervous to complain to corporate management, which had authority over him.

8.

In 2018, Ms. Ketner asked another employee, Lacy Blomgren, if she should complain to Human Resources. Blomgren told Ms. Ketner that Defendants' Human Resources Department would not help her. Ms. Ketner then complained to Assistant Manager Sharon Avalos (James Newman's assistant), but Assistant Manager Avalos did not help Ms. Ketner at that point, either. Ms. Ketner was only 17 years old when she began working for Defendants, and the responses of her co-workers and managers compounded her feelings of powerlessness.

9.

On or about August 15th, 2019, Manager Newman's harassment of Ms. Ketner was particularly bad, so she decided to complain to someone with authority over him. Manager Avalos gave Ms. Ketner the telephone number for Jacade Ross, a member of upper management. Ms. Ketner and Mr. Ross had a lengthy conversation on August 17th, 2019 in which Ms. Ketner described Manager Newman's regular sexual harassment of her.

10.

Manager Newman wrote Ms. Ketner up for being late on August 22nd, 2019, and suspended her on August 28th, 2019. Manager Newman fired Ms. Ketner on August 31st, 2019.

11.

On September 30th, 2019, Ms. Ketner filed a complaint of discrimination in violation of ORS 659A.030, 659A.030(f) and ORS 659A.199 with the Oregon Bureau of Labor and Industries (BOLI) on the bases and facts as alleged in this Complaint. That complaint was co-filed with the EEOC on October 28th, 2019, as Defendant's conduct also violated Title VII of the Civil Rights Act of 1964. Ms. Ketner requested and was granted a right-to-sue notice from the EEOC on June 22nd, 2020 to expire 90 days thereafter. This action is timely filed within those timeframes.

### FIRST CLAIM FOR RELIEF – SEXUAL HARASSMENT 42 U.S.C. § 2000e-2

12.

Ms. Ketner re-alleges paragraphs 1 through 11 and incorporates them as if fully set forth herein.

13.

Ms. Ketner was subjected to unwelcome, offensive, and sexually harassing conduct during her employment with Defendants. That sexual harassment was sufficiently severe and pervasive that it created an intimidating and hostile working environment. Defendants thereby discriminated against Ms. Ketner in the terms, conditions, and privileges of her employment because of her sex in violation of 42 U.S.C. § 2000e-2.

14.

Ms. Ketner notified management about the sexually harassing conduct, but Defendant chose to fire her instead of taking appropriate corrective action. Ms. Ketner suffered humiliation, shame, embarrassment and depression as a result of that sexually harassing environment. These damages are continuing.

///

15.

The actions of Defendants were intentional or taken in reckless disregard of Ms. Ketner's rights, and punitive damages in an amount to be determined by the jury should be awarded to punish Defendants and to deter them and others from acting in a similar manner in the future.

16.

Ms. Ketner seeks compensatory and punitive damages for the emotional distress she suffered as a result of Defendants' violation of 42 U.S.C. § 2000e-2 in an amount to be determined at trial, but not more than $500,000. Ms. Ketner also seeks reasonable attorney fees and costs of this action, as provided by 42 U.S.C. § 2000e-5.

## SECOND CLAIM FOR RELIEF – RETALIATION 42 U.S.C. § 2000e-3

17.

Ms. Ketner realleges paragraphs 1 through 11 and incorporates them as if fully set forth herein.

18.

Defendants discriminated against Ms. Ketner, in violation of 42 U.S.C. § 2000e-3, by suspending and then firing her because she opposed, reported and complained about General Manager Newman's sexual harassment of her.

19.

The actions of Defendants were intentional or taken in reckless disregard of Ms. Ketner's rights, and punitive damages in an amount to be determined by the jury should be awarded to punish Defendants and to deter them and others from acting in a similar manner in the future.

///

///

20.

Ms. Ketner seeks compensatory and punitive damages for the emotional distress she suffered as a result of Defendants' violation of 42 U.S.C. § 2000e-3 in an amount to be determined at trial, but not more than $500,000. Ms. Ketner also seeks back pay and front pay for that violation in an amount to be determined at trial. Moreover, Ms. Ketner seeks reasonable attorney fees and costs of this action, as provided by 42 U.S.C. § 2000e-5.

### THIRD CLAIM FOR RELIEF – ORS 659A.030(1)(b)

21.

Ms. Ketner realleges paragraphs 1 through 11 and incorporates them as if fully set forth herein.

22.

Defendants discriminated against Ms. Ketner because of her sex in her terms, conditions, and privileges of employment, in violation of ORS 659A.030(1)(b).

23.

Ms. Ketner seeks compensatory and punitive damages for the emotional distress she suffered as a result of Defendants' violation of ORS 659A.030(1)(b) in an amount to be determined at trial, but not more than $500,000. Ms. Ketner also seeks back pay and front pay for that violation in an amount to be determined at trial. Moreover, Ms. Ketner seeks reasonable attorney fees and costs of this action, as provided by ORS 659A.885.

### FOURTH CLAIM FOR RELIEF – ORS 659A.030(1)(f)

24.

Ms. Ketner realleges paragraphs 1 through 11 and incorporates them as if fully set forth herein.

25.

Defendants discriminated against Ms. Ketner, in violation of ORS 659A.030(1)(f), by suspending and then firing her because she opposed, reported and complained about General Manager Newman's sexual harassment of her.

26.

Ms. Ketner seeks compensatory and punitive damages for the emotional distress she suffered as a result of Defendant's violation of ORS 659A.030(1)(f) in an amount to be determined at trial, but not more than $500,000.  Ms. Ketner also seeks back pay and front pay for that violation in an amount to be determined at trial.  Moreover, Ms. Ketner seeks reasonable attorney fees and costs of this action, as provided by ORS 659A.885.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Ms. Ketner hereby demands a trial by jury as to all issues.

## DEMAND FOR RELIEF

**WHEREFORE**, Ms. Ketner prays for judgment against Defendants as follows:

1. Economic damages in the form of lost wages and prejudgment interest in an amount to be determined at trial;
2. Front pay in an amount to be determined at trial;
3. Compensatory damages in an amount to be determined at trial;
4. Punitive damages in an amount to be determined at trial;
5. Her reasonable attorney fees and costs incurred herein; and
6. Such other relief as the Court deems just and equitable;

DATED this August 4, 2020

    s/ *Andrew Lewinter*
    Andrew Lewinter OSB # 080031